VaIN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SUSAN AYALA,<br><br>　　　Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　Respondent. | PRISONER HABEAS CORPUS<br>28 U.S.C. § 2255<br><br>CIVIL ACTION FILE NO.<br>1:18-CV-4007-SCJ-JKL<br><br>CRIMINAL CASE NO.<br>1:17-CR-0197-SCJ-JKL |

**ORDER AND FINAL REPORT AND RECOMMENDATION**

Movant is a federal prisoner who, *pro se*, filed a motion to vacate her sentence under 28 U.S.C. § 2255. [Doc. 32].[1] This matter is before the Court on the motion to vacate [*id.*], Movant's motion to compel [Doc. 33], Respondent's partial motion to dismiss and response [Doc. 37], which recommends a limited evidentiary hearing, and Movant's reply [Doc. 38]. Movant has requested an evidentiary hearing on all grounds. [Doc. 32 at 11.]

In November 2017, the Court sentenced Movant to 37 months' imprisonment for money laundering conspiracy. [Doc. 30]. Attorneys Jerome D. Lee and Stephen Elijah Brown-Bennett represented Movant through sentencing. The Court's docket

---

[1] All citations to the record are to 1:17-cr-197-SCJ-JKL.

indicates that an appeal has not been filed, and the time for doing so has expired. *See* Fed. R. App. P. 4(b)(1).

Movant claims in her § 2255 motion that her counsel failed to follow her instruction to file an appeal. [Doc. 32 at 3-5, 7, 9-10; Doc. 38 at 1.] Movant also claims that her counsel provided ineffective assistance of counsel for failing to move for a downward departure for substantial assistance, failing to allow her to see the pre-sentence investigation report and discovery, and for failing to object to the stipulated amount of money Movant laundered. Movant also claims she should not be deported based on the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).[2] She seeks an evidentiary hearing on all issues.

A criminal defense lawyer has an affirmative duty to meaningfully consult with his client regarding an appeal and to file an appeal if the client so requests, regardless of the merits of the appeal or whether the lawyer believes the appeal has any chance of success. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) ("We have

---

[2] The undersigned notes that *Dimaya* does not appear to have any bearing on Movant's case. *Dimaya* holds that the residual clause of the federal criminal code's definition of "crime of violence," as incorporated into the Immigration and Nationality Act's ("INA") definition of aggravated felony, is void for vagueness. 138 S. Ct. 1204. Conspiracy to launder money does not qualify as a "crime of violence." Rather, it is specifically listed as an aggravated felony under the INA as long as the funds involved exceed $10,000. 8 U.S.C.A. § 1101(a)(43)(D).

long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."); *Thompson v. United States*, 504 F.3d 1203, 1206-07 (11th Cir. 2007). The lawyer's duties regarding appeal are strict. If a defendant instructs his lawyer to file an appeal and the lawyer does not do so, "prejudice is presumed." *Gomez-Diaz v. United States*, 433 F.3d 788, 792 (11th Cir. 2005).

Movant asserts that she told counsel to file an appeal, but no appeal was ever filed. Given the importance of the appeal right as discussed in *Roe* and its progeny, and in the interest of judicial efficiency, the Court should exercise its discretion to grant Movant an opportunity to appeal her judgment of conviction. *See* Order, *Buxton v. United States*, No. 1:08-cr-500-CAP (N.D. Ga. Aug. 11, 2011) (granting such relief on § 2255 motion).

> When the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is [fourteen] days, which is dictated by Rule 4(b)(1)(A)(i).

*United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2001).

Accordingly, the undersigned **RECOMMENDS** that Movant's motion to vacate her conviction under 28 U.S.C. § 2255 [Doc. `32] be **GRANTED** for the sole purpose of reinstating her appeal rights. To effectuate that relief, the undersigned **RECOMMENDS** that the Court, pursuant to *Phillips*,

1. **VACATE** the criminal judgment in this action;

2. **REIMPOSE** the sentence of imprisonment, supervised release, and special assessment imposed by this Court on November 1, 2017, with appropriate credit for time served; and

3. **ADVISE** Movant that: (a) she has the right to an appeal; (b) if she is unable to pay the cost of an appeal, she may apply for *in forma pauperis* status to pursue the appeal; (c) if she so requests, the Clerk of this Court will prepare and file a notice of appeal on her behalf; (d) she has the right to counsel on appeal and, if she cannot afford counsel, an attorney will be appointed to represent her; and (e) any notice of appeal must be filed within fourteen days of the date the Court reimposes its sentence in this case.

The undersigned **FURTHER RECOMMENDS** that the other claims in Movant's § 2255 motion be **DISMISSED WITHOUT PREJUDICE** so that Movant may reassert those claims, if necessary, after the conclusion of her appeal.

*See United States v. Frank*, 353 F. App'x 305, 307 (11th Cir. 2009) ("[T]he best approach is for the district court to dismiss the collateral claims without prejudice if it grants an out-of-time appeal because collateral claims should not be entertained while a direct appeal is pending, and [o]nce the court has determined that the petitioner is entitled to a direct appeal, such an appeal is pending for all relevant policy purposes." (quotation marks omitted)). The Government's partial motion to dismiss [Doc. 37] should be **DENIED AS MOOT**.

Movant's motion to compel [Doc. 33] is **DENIED AS MOOT**.

**SO ORDERED AND RECOMMENDED** this 15th day of January, 2019.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE