# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| SUSAN AYALA, | : | |
|     Movant, | : | CRIMINAL ACTION NO. |
| | : | 1:18-CV-4007-SCJ |
| v. | : | |
| | : | CIVIL ACTION NO. |
| UNITED STATES OF AMERICA, | : | 1:17-CR-0197-SCJ |
|     Respondent. | : | |

## ORDER

Presently before the Court is the Magistrate Judge's Report and Recommendation (R&R) recommending that the pending 28 U.S.C. § 2255 motion to vacate be granted in part (limited to Movant's contention that she is entitled to a direct appeal of her conviction and/or sentence) and denied in part without prejudice as to the remainder of her claims. [Doc. 39]. Neither the Government nor Movant have filed objections in response to the R&R.

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), in the absence of objections, the Court reviews R&R under a "clearly erroneous" standard.

Having so reviewed the R&R, this Court holds that the Magistrate Judge's findings and conclusions are correct. Accordingly, the R&R, [Doc. 39], is hereby **ADOPTED** as the order of this Court, and the § 2255 is **GRANTED IN PART**, but

only with respect to her claim that her counsel failed to protect her right to an appeal, and a restoration of Movant's appeal rights is hereby **GRANTED**. The remainder of Movant's claims are **DISMISSED** without prejudice so that Movant may reassert those claims, if necessary, in her appeal and in a subsequent § 2255 motion. See United States v. Frank, 353 F. App'x 305, 307 (11th Cir. 2009). The Government's partial motion to dismiss, [Doc. 37], is **DENIED** as moot.

According to the Eleventh Circuit,

[w]hen the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is ten days, which is dictated by Rule 4(b)(1)(A)(i).

United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000).

Accordingly, to effectuate the relief granted, the judgment and sentence entered in this matter is hereby **VACATED** and **REIMPOSED** as of the date hereof with credit for all time served and any amounts that may have been paid for restitution, fine and/or special assessment.

Defendant is advised that:

(a) she has the right to an appeal;

2

(b) if she is unable to pay the cost of an appeal, she may apply for *in forma pauperis* status to pursue the appeal;

(c) if she so requests, the Clerk of this Court will prepare and file a notice of appeal on her behalf;

(d) she has the right to counsel on appeal and, if she cannot afford counsel, an attorney will be appointed to represent her; and

(e) with few exceptions, any notice of appeal must be filed within fourteen days of the date the Court reimposes its sentence.

The Clerk is **DIRECTED** to close civil action number 1:18-CV-4007-SCJ.

**IT IS SO ORDERED**, this 14th day of August, 2019.

s/Steve C. Jones  
STEVE C. JONES  
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)